JUSTIN X. WANG (CSB #166183)
PEGGY A. SHIH (CSB #197545)
BAUGHMAN & WANG
111 Pine Street, Suite 1350
San Francisco, California 94111
Telephone: (415) 576-9923
Facsimile: (415) 576-9929

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

Daohua CHEN,

Plaintiff

vs.

MICHAEL CHERTOFF, Secretary of Department of Homeland Security; EMILIO GONZALES, Director, U.S. Citizenship and Immigration Services; CHRISTINA POULOS, Acting District Director, California Service Center, U.S. Citizenship and Immigration Services; ALBERTO GONZALES, United States Attorney General,

Defendants.

Case No.: C 07-2816 MEJ

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT**

Date: February 7, 2008
Time: 10:00 a.m.
Courtroom: B, 15th floor

**NOTICE OF MOTION**

TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

NOTICE IS HEREBY GIVEN that this matter may be heard before the Honorable Judge Maria-Elena James, located at 450 Golden Gate Avenue, Courtroom B, 15th Floor, San Francisco, CA, the above referenced Plaintiff will and hereby moves the court for summary judgment on the ground that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

**MOTION**

Plaintiff Daohua Chen moves this court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This motion is based on this Notice, the points and authorities

in support of this motion, the complaint and documents attached thereto, and upon such other matters as may be presented to the Court at the time of the hearing.

**STATEMENT OF RELIEF SOUGHT BY PLAINTIFF**

Plaintiff seeks summary judgment in her mandamus action for the Court to enter an order requiring Defendants to expeditiously complete the name check on Plaintiff's I-485 application and requiring the U.S. Citizenship and Immigration Services (USCIS) to process the case to conclusion. In addition, the Plaintiff prays that the Court grant such other relief that may be just and appropriate, including costs, expenses, and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (1991).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF FACTS**

On June 10, 2005, Plaintiff Daohua Chen's U.S. citizen daughter, Li Tan, filed a Form I-130 Petition for Alien Relative on her behalf, and Plaintiff concurrently filed a Form I-485 Application to Register Permanent Residence or to Adjust Status with the USCIS. Plaintiff's Original Complaint, Exhibits A-B. The Form I-130 was approved by USCIS on March 1, 2006. Since that time, Plaintiff had made repeated inquiries on the status for her adjustment of status application. Plaintiff's Original Complaint, Exhibits D-F. At this time, the FBI name check appears to be the only reason for the delay in adjudication of Plaintiff's application. Plaintiff's I-485 application has now remained pending for more than two years and seven months from the date of filing.

Plaintiff filed her Complaint on May 30, 2007. On November 16, 2007, Defendants answered the Complaint. On January 7, 2008, Defendants moved the Court for summary judgment.

**ARGUMENT**

Summary judgment is appropriate because the pleadings, when viewed in the light most favorable to the nonmoving party, demonstrate that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cleotex Corp. v. Catrett*, 477 U.S. 317 at 323 (1986).

Plaintiff is entitled to relief under 28 U.S.C. §1361 and the Administrative Procedures Act.

Under 28 U.S.C. § 1361, district courts have original jurisdiction to compel an officer of the United States to perform his duty. While the duty is often mandatory or ministerial, the duty may also be in the exercise of discretion. Although an officer may have discretion to adjudicate an application, it has a non-discretionary duty to process the application. Failure to perform such duties can be contrary to law for mandamus to lie. *Davis v. Shultz*, 453, F.2d 497, 502 (3rd Cir. 1971), *Naporano Metal and Iron Company v. Secretary of Labor, 529 F.2d* 537, 541 (3d Cir. 1976). Jurisdiction exists to challenge a U.S. official's authority to "take or fail to taken an action as opposed to a decision taken within . . . discretion." *Patel v. Reno*, 134 F.3d 929, 931-932 (9th Cir. 1997). Plaintiff is not challenging a decision within the discretion of the officer, but challenging Defendants failure to make a decision on her adjustment of status application, including completion of the FBI's name check. It is a distinction between the duty to take some discretionary action as opposed to the actual discretionary decision itself.

Courts have also found jurisdiction under 28 U.S.C. §1331 and the Administrative Procedures Act (APA). *Saleh v. Ridge*, 367 F. Supp.2d 50, 5128 (S.D.N.Y. 2005); *Wang v. Reno*, No. 01 CIV. 1698 (BSJ), 2001 WL1150343, at *1 (S.D.N.Y. Sept. 27, 2001). The APA provides a cause of action when the government unreasonably delays action or fails to act altogether. 5 U.S.C. §§ 555(b) and 706(1). The APA states that federal courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Agency action also includes the "failure to act." 5 U.S.C. § 551(13). The APA imposes a clear duty on Defendants to act on Plaintiff's application and to complete the name check. Administrative agencies do not have discretion to "avoid discharging the duties that Congress intended them to perform." *Yu v. Brown*, 36 F. Supp. 2d 922, 931 (D.N.M. 1999). In addition, a general timing provision for agencies is provided within the APA at 5 U.S.C. § 555(b), which states that agency action should be concluded within a reasonable time. *See Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th Cir. 1999).

Courts have concluded that subject matter jurisdiction exists over whether Defendants have unreasonably delayed in performing their non-discretionary duty to adjudicate I-485 applications. *Valenzuela v. Kehl*, No. 05-1764, 2006 U.S. Dist. LEXIS 61054 (N.D. Tex. 2006); *Razaq v. Poulous*, No. C-06-2461 WDB, 2007 WL 61844, at *3-4 (N.D. Cal. Jan. 8, 2007); *Wu v. Chertoff*,

No. C-06-7880 SI, 2007 WL 1223858, *3 (N.D. Cal. 2007); *Gelfer v. Chertoff*, No. C-06-06724 WHA, 2007 WL 902382, *2 (N.D. Cal.2007); *Singh v. Still*, 470 F. Supp. 2d 1067 (N.D. Cal. 2007); *Liu v. Chertoff*, No. S-06-2808 RRB EFB,*10 (E.D. Cal. August 22, 2007).

Mandamus relief is appropriate when: 1) the plaintiff has a clear right to the relief requested; 2) the defendant has a clear duty to act; and 3) no other adequate remedy is available. *Johnson v. Reilly*, 349 F.3d 1149, 1154 (9th Cir. 2003); *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003). In other words, a writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear non-discretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Plaintiff has a clear right to have her adjustment of status application adjudicated, the Defendants have a non -discretionary duty to provide that relief, and Plaintiff has no other adequate remedy available.

Section 245 of the INA and 8 U.S.C. § 1255(a) is the statute governing adjustment of status applications:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification under subparagraph (A)(iii), (A)(iv), (B)(ii), or (B)(iii) of section 204(a)(1) or 3. may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

It has been found that the INA establishes a clear right to the relief for adjustment of status applicants. *See Yu*, 36 F. Supp. 2d at 930-932; *Ahmed v. DHS*, 328 F.3d 383 (7th Cir. 2003); *Paunescu v. INS*, 76 F. Supp. 2d 896, 901 (N.D. Ill. 1999). Defendants have not provided any evidence contrary to Plaintiff's claim to have met all the statutory requirements for adjustment of status. Plaintiff's Original Complaint, Exhibits A-B. Thus, Plaintiff has a clear and certain claim for adjustment of status.

Defendants have a non-discretionary duty to adjudicate Plaintiff's adjustment of status application. *See Yu,* 36 F. Supp. 2d at 925; *Agbemaple v. INS*, No. 97 C 8547, 1998 WL 292441

(N.D. Ill. 1998); *Elkhatib v. Butler*, No. 04-222407, 2006 WL 2333566 (S.D. Fla. 2005); *Aboushaban v. Mueller*, No. C 07-1280 BZ, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006). Defendants have a duty to simply process these applications. *Gelfer v. Chertoff*, No. C-06-06724 WHA, 2007 WL 902382 (N.D. Cal. March 22, 2007). The APA also imposes a clear duty on Defendants to act on Plaintiff's application. §§ 555(b) and 706(1).

The CIS has failed to adjudicate Plaintiff's adjustment of status application within a reasonable time. Reasonableness of the delay is a factual determination to be determined on a case by case basis. *Yu*, 36 F.Supp. 2d at 953. One can look to internal operating procedures or what the average adjudication time is for adjustment of status applications, such as processing reports. Congress, under the Immigration Services and Infrastructure Improvements Act of 2000, expects that immigration benefit applications be completed within 180 days. 8 U.S.C. § 1571 ("It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days . . .").

Six factors may also assist the Court in determining what is an unreasonable delay. They include 1) time agencies take to make decisions must be governed by the rule of reason; 2) where Congress has provided a timetable or other indication of speed it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; 3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; 4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing authority; 5) the court should also take into account the nature and extent of the interests prejudiced by delay; and 6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed. *Yu,* 36 F. Supp. 2d at 934. Furthermore, the source of the delay is another factor in determining whether a delay is unreasonable, such as the complexity of the investigation and the defendant's own

participation in the delay. *Saleh,* 367 F. Supp. 2d. at 511-512; *Bartoloni v. Ashcroft*, 226 F. Supp. 2d 350, 354 (D. Conn. 2002).

Under the first *TRAC* factor regarding the timing of decisions by the rule of reason, the processing of the I-485 application and FBI name checks must be looked at in relation to the particulars of Plaintiff's case. In the instant case, Defendants have provided no evidence or explanation for the delay in Plaintiff's name check, such as whether there are any "hits," or common name issues, since the initial request in June 2005 or what accounts for the delay in its completion. In a mandamus case decided in this district, where a FBI name check caused a delay in processing, the Court granted summary judgment compelling the defendants to adjudicate the I-485 application. *Singh v. Still,* 470 F. Supp. 2d 1067, 1068 (N.D. Cal. 2007). In *Singh*, the Court asserted that "mere invocation of national security is not enough to render agency delay reasonable per se." 470 F.Supp.2d at 1069.

Under the second *TRAC* factor, although there is no statutory directive from Congress regarding a specific time for adjudication of the I-485 applications or completion of the name check, reasonable time can be determined through other methods, including the use of *TRAC* factors. Guidelines can also be gleaned via the USCIS' and FBI's own average processing times, which provide an indication of the speed with which to determine reasonableness. The APA also provides a timing provision which states that agency action should be concluded within a reasonable time. *See Forest Guardians v. Babbitt*, 174 F.3d 1178 (10th Cir. 1999); *Haidari v. Frazier*, 2006 U.S. Dist. LEXIS 89177, *9-11 (D. Minn. 2006). It has been determined that an agency must act within a reasonable time despite the fact that no specific time appears on the face of this statute. *Yu,* 36 F. Supp. 2d at 932; *Agbemaple v. Ins.*, No. 97 C 8547, 1998 WL 292441, at *2 (N.D. Ill. 1998). Lack of a specified deadline within the statute does not lessen Defendants' duty to Plaintiff to adjudicate his application. *Razaq v. Poulous*, No. C-06-2461 WDB, 2007 WL 61844, at *4 (N.D. Cal. Jan. 8,

2007)("The fact that neither the statute nor regulations establish a specific deadline does not change the character of the duty itself . . . Congress expected the executive branch to receive applications of this kind and then to 'adjudicate' them to decision."). Allowing an unlimited amount of time to process a name check request would be contrary to the "reasonable time" frame mandated under 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1) and thus could ultimately negate the FBI's duty under 8 U.S.C. § 1105. *Dong v. Chertoff*, 2007 WL 2601107, at *11 (N.D. Cal. Sept. 6, 2007); *Gelfer v. Chertoft*, 2007 WL 902382, at *2 (N.D. Cal. March 22, 2007).

The third *TRAC* factor considers delays with impacts on human health or welfare, as opposed to those economic in nature, to be less tolerable. This coincides with the fifth TRAC factor, which weighs the nature and extent of interests prejudiced by the delay. No evidence has been provided to indicate there is a security concern in relation to Plaintiff's case. Security concerns are important but not as a guise for an agency to fail to carry out the duties required of them. In this case, human welfare is implicated through the impairment of Plaintiff's right to have her application adjudicated. *See, e.g. Singh*, 470 F. Supp. 2d at 1070. Plaintiff has been adversely impacted by being deprived of a decision for more than two years and seven months; by being unable to plan or pursue a future course of action in the United States due to the pendency of the application; by being unable to travel while awaiting the outcome of the application; by repeatedly applying and paying for extensions of employment authorization, and being further delayed in her opportunity to apply for naturalization.

The effect of expediting the action on agency activities of a higher/competing authority is the fourth *TRAC* factor. As a practical matter, expediting the delayed action on immigrant petitions and adjustment of status applications has routinely occurred in the past without seemingly to impinge on the agency's activities of a higher or competing authority. In fact, many mandamus cases in this district have been dismissed because the cases have been successfully expedited by the Defendants, reflecting that no higher or competing authority was compromised when the court compelled the

agency to act. Moreover, if security concerns are a top priority, it would follow that name checks should be completed as soon as expediently possible rather than be pending indefinitely. Without the relief of mandamus, the FBI could withhold or fail to complete a name check request indefinitely. *See Dong*, 2007 WL 2601107, at *12 (these plaintiffs have more than "waited their turn," having seen millions of later-filed applications processed before theirs). Plaintiff is simply requesting that the Court intervene to ensure established procedures are timely being followed without any unreasonable delay.

The final *TRAC* factor states that the Court does not need to find impropriety in order to find that agency action is unreasonably delayed. Indeed, the fact that Plaintiff's case has been pending for over two years and seven months is sufficient under this factor, even absent a specific motivation to delay by the Defendants. Courts within this district have found delays alone sufficient to warrant mandamus relief. *Aboushaban v. Mueller*, No. C 06-1280 BZ, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006); *Singh v. Still,* 470 F. Supp. 2d 1067 (N.D. Cal. 2007); *Gelfer v. Chertoff*, No. C-06-06724 WHA, 2007 WL 902382 (N.D. Cal. March 22, 2007)(more than two year delay to be unreasonable as a matter of law). Courts in other districts have found cases where adjustment of status applications have been pending for over 6 to 24 months unreasonable. *See Liu v. Chertoff*, No. S-06-2808 RRB EFB,*18 (E.D. Cal. August 22, 2007)("[D]elay of more than two-and-a-half years is unreasonable under the specific circumstances because there is no evidence in the record demonstrating that the delay is attributable to Plaintiff nor is there any particularized evidence in the record sufficiently explaining the reasons for the extended delay")(copy attached); *Galvez v. Howerton*, 503 F.Supp. 35, 39 (C.D. Cal.1980); *Paunescu,* 76 F. Supp. 2d at 901-02; *Agbemaple,* 1998 WL 292441; *Yu*, 36 F. Supp. 2d at 931-32; *Elkhatib*, 2006 WL 2333566. *See also Salehian v. Novak,* No. 06-459, 2006 U.S. Dist. LEXIS 77028 (D. Conn. 2006) (application pending for more than two years); *Tjin-A-Tam v. United States Dep't of Homeland Sec.*, No. 05-23339, 2007 U.S. Dist.

LEXIS 17994 (D. Fla. 2007) (application pending for more than three years); *But see Zahani v. Neufeld*, No. 05-1857, 2006 U.S. Dist. LEXIS 56416 (M.D. Fla. 2006) (application pending for more than three years); *Chaudry v. Chertoff*, No. 06-1303, 2006 U.S. Dist. LEXIS 66842 (D. Minn. 2006) (application pending for 17 months); *Jabr v. Chertoff*, No. 06-543, 2006 U.S. Dist. LEXIS 84588 (D. Mo. 2006) (applications pending for more than three years); *Mustafa v. Pasquerell*, No. 05-0658, 2006 U.S. Dist. LEXIS 8047 (W.D. Tex. 2006) (applications pending more than four years); *Safadi v. Howard*, 466 F. Supp. 2d 696 (E.D. Va. 2006) (applications pending for more than four years).

Thus, the balancing of the *TRAC* factors, as well as the specific facts of this case, indicate the Defendants have delayed unreasonably in adjudicating Plaintiff's application. Plaintiff filed her I-485 application on June 10, 2005. The name check has been pending for well over two years and six months; and after approval of the Form I-130, a year and ten months have passed with no further action taken on Plaintiff's case.

Mandamus relief in adjustment of status cases, such as this one, can be granted due solely to the length of the delay. Plaintiff filed her case more than two years and seven months ago, and the Defendants have a duty to complete the adjudication of Plaintiff's application within a reasonable time. Even without a statutory timetable, reasonableness of delay can be determined through various means, including the application of the *TRAC* factors and consideration of the reasons for the delay, complexity of the case, and the agency's own average processing times. Plaintiff has complied with the requirements for eligibility under the statute. Mandamus relief is warranted here because there is no indication of good faith efforts by Defendants to alleviate the delay. Defendants have not proffered any evidence demonstrating that Plaintiff is not eligible for adjustment of status or that national security concerns are implicated specifically in relation to Plaintiff's case. Absent the court's order, the application is likely to continue pending without decision, and thus, Plaintiff has no other adequate remedy available. The Mandamus Act and the APA provide a check on both the

USCIS and FBI for their failure to fulfill their duties, namely their failure to act within a reasonable time.

Because Plaintiff has a clear right to the relief requested, Defendants have a clear duty to adjudicate Plaintiff's application, and no other adequate remedy is available, the relief of mandamus is warranted. The evidence considered in the light most favorable to the government, demonstrates, as a matter of law, that Defendants have unreasonably delayed in the processing of Plaintiff's adjustment of status application.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court deny Defendants' motion for summary judgment and grant a motion for summary judgment in favor of the Plaintiff and a issue a writ of mandamus against all Defendants.

DATED: January 10, 2008

Respectfully submitted,

Justin X. Wang
Attorney for Plaintiff