IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAOHUA CHEN,<br><br>            Plaintiff(s),<br><br>    vs.<br><br>MICHAEL CHERTOFF, et al.,<br><br>            Defendant(s)._____/ | No. C 07-2816 MEJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

Plaintiff Daohua Chen ("Plaintiff") moves for summary judgment on her claim for an order compelling Defendants to adjudicate her application for adjustment of immigration status. Defendants oppose Plaintiff's motion and cross-move for summary judgment. The Court finds this matter suitable for decision without a hearing. Having considered the papers filed by the parties and relevant legal authority, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendants' cross-motion for summary judgment.

**BACKGROUND**

On June 10, 2005, Plaintiff's daughter, Li Tan, a United States citizen, filed a Form I-130 Petition for Alien Relative on Plaintiff's behalf. Concurrently, Plaintiff filed an I-485 application with the United States Citizenship and Immigration Services ("USCIS") seeking adjustment of her immigration status to lawful permanent resident. The USCIS approved the I-130 petition on March 1, 2006. The parties agree that Plaintiff's I-485 application is ready to be adjudicated except for her pending background and security check with the FBI.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.* at 255.

Where the plaintiff has the ultimate burden of proof, it may prevail on a motion for summary judgment only if it affirmatively demonstrates that there is no genuine dispute as to every essential element of its claim. *River City Mkts., Inc. v. Fleming Foods W., Inc.*, 960 F.2d 1458, 1462 (9th Cir. 1992). In contrast, where the plaintiff has the ultimate burden of proof, the defendant may prevail on a motion for summary judgment simply by pointing to the plaintiff's failure "to make a showing sufficient to establish the existence of an element essential to [the plaintiff's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Here, both parties agree that this case can be disposed of on summary judgment.

**DISCUSSION**

**I.    The Court's Power to Compel Defendants to Act**

Defendants argue that the Court may not force them to act on Plaintiff's I-485 application because adjustment of status is a discretionary, non-discrete action that cannot be compelled under either the federal mandamus statute or the APA.

The standard for relief under the Mandamus Act and § 706 of the APA is for all practical purposes the same. *R.T. Vanderbilt Co. v. Babbitt*, 113 F.3d 1061, 1065 (9th Cir. 1997). Mandamus is an extraordinary remedy pursuant to which a court may compel an officer of the government "to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Ninth Circuit has held that mandamus is available when: "(1) the plaintiff's claim is clear and certain; (2) the defendant official's duty is

ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 832 (9th Cir. 2002).

Under § 706(1) of the APA, a court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The APA further provides that agencies must conclude matters before them "within a reasonable time." 5 U.S.C. § 555(b). In *Norton v. South Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004), the Supreme Court held that a plaintiff states a claim for relief under § 706(1) when he "asserts that an agency failed to take a discrete agency action that it is required to take."

Here, the Court notes that the Immigration and Naturalization Act gives the Secretary of the DHS the discretion to adjust an applicant's status, and neither the Act nor applicable regulations impose a particular time-frame on the decision. *See* 8 U.S.C. § 1255(a); 8 C.F.R. § 245 et seq. However, even though the outcome and procedural underpinnings of an I-485 adjudication are left to the discretion of the Secretary, a number of judges in this District have held that the Secretary does not have the discretion to refuse to adjudicate the application altogether. *See Toor v. Still*, 2007 WL 2028407 at *1 (N.D.Cal.) (collecting cases). Thus, "there is a difference between the [USCIS's] discretion over *how* to resolve an application and the [USCIS's] discretion over *whether* it resolves an application." *Singh v. Still*, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007) (emphasis in original).

Here, Plaintiff does not seek an order mandating that her status be adjusted; she requests only that the Court compel the Secretary to discharge his duty to adjudicate her application without unreasonable delay. Thus, the Court finds that an order compelling the USCIS to process Plaintiff's application promptly would not impermissibly interfere with the agency's discretion. *See, e.g., Yu v. Chertoff*, 2007 WL 1742850 at *2 (N.D. Cal.) (compelling the government to process an unreasonably delayed immigration petition); *see also Baker v. Still*, 2007 WL 1393750 (N.D. Cal.); *Quan v. Chertoff*, 2007 WL 1655601 (N.D. Cal.); *Shaikh v. Gonzales*, 2007 WL 4259410 (N.D. Cal.). Defendants cite no precedent sufficient to persuade the Court to take a different position here.

Defendants' point that they are not statutorily obligated to adhere to any particular time-frame in adjudicating I-485 applications is well-taken. It is true that the USCIS's discretion to

1 set the procedures by which it adjudicates these applications gives it some flexibility in determining
2 the timing of a decision. However, each adjudication must ultimately be completed within a
3 reasonable amount of time. "To accept Defendants' argument that timing is always a matter of
4 discretion beyond the Court's power to intervene would enable them to avoid judicial review even of
5 adjudications that were postponed indefinitely. This would eviscerate § 706(1) of the APA, which
6 clearly gives the Court the power to 'compel agency action ... unreasonably delayed.'" *Clayton v.*
7 *Chertoff*, 2007 WL 2904049, at *5 (N.D. Cal.). Accordingly, the Court finds that it has the authority
8 under the Mandamus Act and the APA to compel Defendants to promptly adjudicate Plaintiff's
9 petition for adjustment of status.

10 **II.     Reasonableness of Defendants' Delay**

11        As discussed above, the Court finds that USCIS has a non-discretionary duty to process
12 Plaintiff's I-485 application within a reasonable amount of time. The question then becomes
13 whether USCIS's delay of more than two-and-a-half years is reasonable under the circumstances.
14        "What constitutes an unreasonable delay in the context of immigration applications depends
15 to a great extent on the facts of the particular case." *Gelfer v. Chertoff*, 2007 WL 902382 at *2
16 (N.D.Cal.) (quoting *Yu v. Brown*, 36 F. Supp. 2d at 932). In determining whether there has been
17 unreasonable delay in processing an application for adjustment of immigration status, courts
18 typically look "to the source of the delay - e.g., the complexity of the investigation as well as the
19 extent to which the defendant participated in delaying the proceeding." *Singh*, 470 F. Supp. 2d at
20 1068.

21        Many of the cases in which summary judgment has been granted in favor of a plaintiff
22 seeking adjudication of an I-485 application involve facts similar to those here. In nearly every case,
23 the delay in processing the application was due to an uncompleted FBI background check. Judges in
24 this district have found that, under normal circumstances, a delay of approximately two years due to
25 an uncompleted FBI background check is unreasonable as a matter of law. *See, e.g., Shaikh v.*
26 *Gonzales*, 2007 WL 4259410 (N.D. Cal.); *Dong*, 2007 WL 2601107 (N.D. Cal.); *Huang v. Chertoff*,
27 2007 WL 1831105 (N.D.Cal.). Thus, as Plaintiff filed her I-485 application over two-and-a-half
28

years ago, the Court finds the delay in processing her application unreasonable as a matter of law.

Defendants assert that the background check is a complex process that is vital to maintaining national security. They also point to the FBI's limited resources and maintain that the USCIS is making every effort to address the delay. The Court accepts that these considerations rightly factor into an evaluation of the reasonableness of Defendants' delay. However, Defendants cannot simply point to a pending FBI background check to establish that any delay in processing an I-485 application is reasonable. National security interests and the complexity of the background check process can only excuse reasonable delay. Defendants have provided no particularized facts to suggest that these concerns apply with special force to Plaintiff's application or that her name check is otherwise subject to special circumstances.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED and Defendants' cross-motion for summary judgment is DENIED. The Court ORDERS Defendants to complete processing of Plaintiff's application forthwith.

**IT IS SO ORDERED.**

Dated: January 23, 2008

MARIA-ELENA JAMES
United States Magistrate Judge