```
 1  JUSTIN X. WANG (CSB #166183)
    PEGGY A. SHIH (CSB #197545)
 2  BAUGHMAN & WANG
    111 Pine Street, Suite 1350
 3  San Francisco, California 94111
    Telephone: (415) 576-9923
 4  Facsimile:  (415) 576-9929

 5  Attorneys for Plaintiff
    Daohua CHEN
 6
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Daohua CHEN,<br><br>        Plaintiff,<br>   v.<br><br>MICHAEL CHERTOFF, Secretary of Department of Homeland Security; EMILIO GONZALES, Director, U.S. Citizenship and Immigration Services; CHRISTINA POULOS, Acting District Director, California Service Center, U.S. Citizenship and Immigration Services; ALBERTO GONZALES, United States Attorney General,<br><br>        Defendants, | Case No.: C 07-2816 MEJ<br><br>**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 § 2412(d) AND NOTICE OF MOTION**<br><br>Date:   April 17, 2008<br><br>Time:  10:00AM |

### NOTICE OF MOTION

TO DEFENDANTS MICHAEL CHERTOFF, EMILIO GONZALES, CHRISTINA POULOS, ALBERTO GONZALEZ AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that Plaintiff will move before the Honorable Maria-Elena James in Courtroom B, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California for an award of fees and costs in the amount of $3,875.54.

This motion is brought on the following grounds: Plaintiff is a prevailing party pursuant to the

1 | Equal Access to Justice Act, 28 U.S.C. § 2412(d), and is therefore entitled to reasonable fees and costs
2 | associated with his Mandamus Motion. This motion is based on the notice of motion, memorandum of
3 | points and authorities, and motion, the pleadings and records on file in this matter, the declarations filed
4 | herewith, and on such argument as may be presented at the hearing of this motion.

DATED: March 12, 2008

Respectfully submitted,

_____
Justin X. Wang
Attorney for Plaintiff

JUSTIN X. WANG (CSB #166183)
PEGGY A. SHIH (CSB #197545)
BAUGHMAN & WANG
111 Pine Street, Suite 1350
San Francisco, California 94111
Telephone: (415) 576-9923
Facsimile: (415) 576-9929

Attorneys for Plaintiff
Daohua CHEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Daohua CHEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary of Department of Homeland Security; EMILIO GONZALES, Director, U.S. Citizenship and Immigration Services; CHRISTINA POULOS, Acting District Director, California Service Center, U.S. Citizenship and Immigration Services; ALBERTO GONZALES, United States Attorney General,<br><br>　　　　Defendants, | Case No.: C 07-2816 MEJ<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COST PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT 28 § 2412(d)**<br><br>Date:　April 17, 2008<br><br>Time:　10:00AM |

## I.　INTRODUCTION

The Court on January 23, 2008, issued an order granting Plaintiff's motion for summary judgment and denying Defendants' cross-motion for summary judgment. The Court found that Defendants had a clear duty to promptly adjudicate Plaintiff's petition for adjustment of status, within a reasonable amount of time. Furthermore, the Court found that a two-and-a-half year delay in processing Plaintiff's application was unreasonable as a matter of law. As a result, the Court has ordered that the Defendants "complete processing of Plaintiff's application forthwith."

1

Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (d), Plaintiff's counsel now moves for an award of attorney's fees.

## II. JURISDICTION

The prevailing party in a civil action brought against the United States, who is seeking an award of attorney's fees under the EAJA, must submit to the court an application for fees and expenses, which will usually be the district court. 28 U.S.C. § 2414 (d)(1)(B) "[T]he proper place to bring a claim for fees under EAJA is in the circuit in which the work was done. *Lundin v. Mecham*, 980 F.2d 1450, 1461 (D.C. Cir. 1992). Therefore, an application for fees and expenses under EAJA to this Court is proper.

## III. EAJA AUTHORIZES AN AWARD OF ATTORNEY'S FEES AND COST IN THIS CASE

Attorney's fees and cost are properly awarded in this case as stipulated by EAJA, 28 U.S.C. § 2412 (d)(1)(A):

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the Untied States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The statute intended "fees and other expenses" to be inclusive of reasonable attorney's fees and cost. 28 U.S.C §2412(d)(2)(A). Furthermore, EAJA serves the purpose of " insur[ing] the vindication of rights by parties who might otherwise be precluded from the adjudicatory process due to the prohibitive cost of seeking justice." *Photo Data, Inc. v. Sawyer*, 533 F. Supp. 348, 352 (D.D.D. 1982). The following elements must be established for a successful EAJA claim:

1. application for fees and expenses must be filed within 30 days of final judgment;
2. the claim resulted from a civil action;

3. the party must prevail;

4. the prevailing party's net worth must not exceed $2,000,000 at the time the civil action was filed;

5. the government's position was not substantially justified;

6. there are no special circumstances to make an award unjust; and

7. the requested attorney's fees and cost are reasonable.

### A. Plaintiff's application is timely

The prevailing party seeking attorney's fees and expenses under EAJA must file the application "within thirty days of final judgment in the action." 28 U.S.C §2412(d)(1)(B). A judgment is final when it is no longer appealable. 28 U.S.C §2412(d)(2)(G). This Court's decision granting Plaintiff's motion for summary judgment was issued on January 23, 2008. Therefore, Plaintiff's application is timely.

### B. Plaintiff is a prevailing party whose net worth did not exceed two-million dollars when the civil action was filed

Plaintiff filed a Mandamus motion with this Court on May 30, 2007. *See Plaintiff's Mandamus Motion.* At the time the civil action was filed, Plaintiff's net worth did not exceed $2,000,000 dollars. 28 U.S.C. §2412 (d)(2)(B)(i). (**Exhibit A: Plaintiff's Declaration**).

On January 23, 2007, the court issued a ruling by which Plaintiff substantially prevailed. *See Courts Summary Judgment Entry for Plaintiff, January 23, 2008.* In granting Plaintiff's summary judgment motion, the Court has decidedly awarded the Plaintiff the relief they sought and has effectively forced the Defendants to change their position taken both *prior to litigation* and *during litigation*. Therefore, Plaintiff is clearly a prevailing party. Furthermore, Plaintiff may be considered a "prevailing party," for the purposes of an award of attorney fees and cost under EAJA, if Plaintiff succeeds on any significant issue in litigation which achieves some of the benefit Plaintiff sought in

bringing suit. *Citizens for Better v. U.S. Dept. of Agriculture*, 497 F. Supp. 2d 1062, 1071 (N.D. Cal. 2007). "A prevailing party is one who has been awarded some relief by the court." *Buckhannon Board of Care & Home Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603 (2001) (where "prevailing party" was held to apply to several federal statutes). *See also, Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002). (where the Ninth Circuit held that the Supreme Court's "prevailing party" standard applies to EAJA); *Carbonell v. INS*, 429 F.3d 894, 901 (9th Cir. 2005) (where a district court order was sufficient to apply "prevailing party" status for the purpose of attorney's fees); *Vacchio v. Ashcroft*, 404 F.3d 663, 673-674 (2nd Cir. 2005) (Status as a prevailing party for purposes of attorney fee award under EAJA is conferred whenever there is a court-ordered change in the legal relationship between the plaintiff and the defendant or a material alteration of the legal relationship of the parties).

### C. Defendants position was not substantially justified

The Defendant's can avoid payment of fees, after Plaintiff has established prevailing party status, only if it can show that its conduct was "substantially justified." 28 U.S.C. § 2412 (d)(1)(A); *Bay Area Peace Navy v. U.S.*, 914 F.2d 1224, 1230 (9th Cir. 1990). The Defendant's bears the burden of proving that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). Furthermore, the Defendant's have the burden of establishing that its case has a reasonable basis in law and in fact. *U.S. v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1124 (9th Cir. 2004).

The Defendant's must meet their burden twice. "In making a determination of substantial justification, the court must consider the reasonableness of both 'the underlying government action at issue' and the position asserted by the Defendant's in 'defending the validity of the action in court.' " A failure to meet both burdens will render the Defendant's position unjustifiable. *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1084 (9th Cir. 2002); *See also, U.S. v. Real Property at 2659 Roundhill Dr., Alamo, California*, 283 F.3d 1146, 1151(9th Cir. 2002) (to satisfy "substantially justified" standard under

4

EAJA, Defendant's had to be substantially justified both in its original action and in pursuing that action in court.); *Dantran, Inc. v. U.S. Dept. of Labor*, 246 F.3d 36, 41 (1st Cir. 2001) (Court held under that under EAJA, the Defendant's must justify not only its pre-litigation conduct but also its position throughout litigation); *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) (Where the Court held that in order to avoid liability for attorney fees under EAJA, the government must take a "substantially justified" positions at each stage of the litigation).

### 1. Prior to Litigation

The Defendant's underlying action which gave rise to this litigation was the over two-and-a-half year delay in the adjudication of Plaintiff's application for adjustment of status. The court found this delay to be unreasonable. In fact, the Courts for the Northern District of California have found that a delay of two years resulting from uncompleted background checks are unreasonable as a matter of law. *See, Shaikh v. Gonzales*, 2007 WL 4259410 (N.D. Cal. Dec. 3, 2007); *Dong v. Chertoff*, 513 F. Supp. 2d. 1158 (N.D. Cal. Sept. 6, 2007); *Huang v. Chertoff*, 2007 WL 1831105 (N.D. Cal. June 25, 2007). Moreover, this Court reasoned that while consideration is to be given regarding the Defendant's delay, the Defendant's "cannot simply point to a pending FBI background check to establish that any delay . . .is reasonable." *Chen v. Chertoff,* 2008 WL 205279, at *3 (N.D. Cal. Feb 23, 2008). As such, the Defendant's unwarranted and inexcusable failure to act in this case was finally resolved when this Court entered summary judgment in favor of Plaintiff's writ of mandamus. Such an unreasonable protraction was the sole result of the Defendant's own inaction. Such a state of affair is simply unacceptable, while the Defendant's only sees a case file; applicants live in constant fear and apprehension with each day that passes without resolution.

### 2. During Litigation

The Defendant's litigation position does not meet the substantial justification standard. Defendants argued before this Court that courts have recognized the FBI's discretion in the manner and

time frame in which it conducts name checks. *See Defendants' Cross-Motion For Summary Judgment, January 7, 2008.* In addition, Defendants cite to *Takkallapalli v. Chertoff*, 487 F.Supp. 2d 1094, 1099 (S.D. Cal. 2007) for the proposition that, "where delay was due to incomplete name check, 'Defendants' conduct [was] sufficient to avoid judicial intervention." *See Defendants' Cross-Motion For Summary Judgment at 5*. Thus, exempting them from the well settled principles of administrative law embodied in § 555(b) of the Administrative Procedure Act (APA) requiring the Defendants' to act within a reasonable amount of time.

However, defendants failed to recognize that in *Takkallapalli*, unlike here, the factual situation is considerably different. In *Takkallapalli*, Defendants promptly interviewed Dr. Takkallapalli and requested the required security checks from the appropriate agencies." *Id*. Here, there is no record of any agency requesting security checks from anyone in an attempt to reasonably expedite Plaintiff's application; nor, was Plaintiff interviewed by anyone. Moreover, in this case, unlike in *Takkallapalli*, Plaintiff's application was delayed without explanation. Furthermore, in *Zhu v. Chertoff*, 525 F.Supp. 2d 1098, 1101 (W.D. Mo. 2007), citing *Takkallapalli*, that court reasoned that "[t]he Court is mindful of the government's national security concerns in processing applications, but this does not give the government the right to indefinitely delay."

Although, courts may have recognized the FBI's discretion in the manner and time frame in which it conducts name checks, neither, the courts nor congress intended that an agency be able to delay in perpetuity. A court-reviewing federal agency action has the authority to compel agency action unlawfully withheld or unreasonably delayed. Additionally, defendants seem to ignore settled case law which has clearly held that an adjustment application is wholly discretionary, however, the decision of whether to actually adjudicate an adjustment application is not discretionary. *See, Yu v. Brown*, 36 F. Supp. 2d 922, 929 (D.N.M. 1999); *Kim v. Ashcroft*, 340 F. Supp 2d 384, 391 (S.D.N.Y. 2004); *Koren v. Chertoff*, 2007 WL 1431948 (D.Conn. 2007).

### D. No Special Circumstances Exist Which Make An Award Unjust

EAJA is inappropriate if special circumstances make an award unjust. 28 U.S.C.A. § 2412(d)(1)(A). The Defendant's have the burden of demonstrating the existence of special circumstances that would render an award unjust. *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). There are no special circumstances that exist that would make an attorney's fees award unjust. In this case, the award of attorney's fees is warranted, equitable, and just, as well as consistent with the legislative purpose of the EAJA.

### E. Claimed Fees and Expenses are Reasonable

A court shall award to a prevailing party reasonable fees and other expenses that are incurred by that party in any civil action. 28 U.S.C. § 2412 (d)(2)(A).

Congress intended that fees be awarded, in part, as an inducement to individuals who might otherwise be deterred by the expenses in defending themselves against unreasonable government action. "[W]here participants have a concrete interest at stake but nevertheless may be deterred from asserting or defending that interest because of the time and expense involved in pursuing administrative remedies. In these situations, in order to insure that individuals will actively seek to protect their rights vis-à-vis the government, they must have the opportunity to recover the costs of litigating. An administrative remedy in these circumstances cannot be truly effective unless a prevailing party is made whole." H.R. Rep. No. 96-1418, 96 Cong., 2nd Sess. p. 14 (1980).

In order to establish reasonable fees and expenses under EAJA, an attorney has to establish that he expended a reasonable amount of hours and charged a reasonable hourly rate. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1199 (11th Cir. 1988). Attorney's fees and expenses "Shall be based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. §2412(d)(2)(A). In computing a fee award, the district court should consider the time spent

presenting the entire case on the merits, not just the time spent contesting the Defendant's underlying action. *Russell v. National Mediation Bd.*, 775 F.2d 1284, 1291 (5th Cir. 1985). In this case the hours billed were reasonable and necessary to effectively represent Plaintiff's civil action before this Court. The customary rate for attorneys in the San Francisco Bay Area with similar knowledge, skill, and experience is $400.00. (**Exhibit B: Declaration of Justin X. Wang**). Plaintiff's counsel rate in similar cases is $400.00 per hour. (**Exhibit B**). Furthermore, Plaintiff's counsel hours billed are reasonable in light of the action at hand. Attached are Plaintiff's counsel time records. (**Exhibit C: Attorney Time Record**) In addition, a portion of the fees and expense request includes the time spent in preparing this fee and expense application. *Commissioner I.N.S. v. Jean*, 496 U.S. 154, 163-166 (1990).

Plaintiff's counsel seeks reimbursement at the statutory rate of $125 per hour; this is far below what the prevailing market rate in the San Francisco Bay Area. Since Plaintiff's counsel is seeking reimbursement far below the prevailing rate in representing and litigating Plaintiff's action, the Court should grant Plaintiff's counsel's fees in the amount of $3,875.54.

## IV. CONCLUSION

EAJA was promulgated with the specific intent to " eliminate for the average person the financial disincentive to challenge unreasonable governmental actions."

This case embodies the circumstances for which EAJA was designed to address. Plaintiff has a concrete interest at stake, Plaintiff was victimized by the Defendant's inaction, and as a prevailing party is entitled to compensation. Moreover, if not for fees and expense provisions in EAJA Plaintiff's limited resources would have precluded Plaintiff from seeking redress. Plaintiff's counsel is therefore, entitled to an award for fees and expenses incurred in litigating this case. As such, the award should be granted in the amount requested.

8

1  DATED: March 11, 2008                              Respectfully submitted,

2

3                                                     _____
                                                      Justin X. Wang
4                                                     Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RE:   CHEN, Daohua    C 07-2816 MEJ**

## EXHIBIT LIST

| | |
|---|---|
| EXHIBIT A | Plaintiff's Declaration, March 4, 2008. |
| EXHIBIT B | Declaration of Justin X. Wang, March 11, 2008. |
| EXHIBIT C | Attorney Time Record, March 11, 2008. |
| EXHIBIT D | Bureau of Labor Statistics, Consumer Price Index, San Francisco, February 28, 2008. |
| EXHIBIT E | Bureau of Labor Statistics, Consumer Price Index, U.S. City Average, February 28, 2008. |

AO 291
(10/81)

# APPLICATION
## FOR FEES AND OTHER EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT
Title 28 U.S.C. Section 2412(d), Title II of Public Law 96-481, 94 STAT 2325

**1. COURT**
- A. ☐ SUPREME COURT
- B. ☐ CUSTOMS AND PATENT APPEALS
- C. ☐ COURT OF CLAIMS
- D. ☐ INTERNATIONAL TRADE
- E. ☐ COURT OF APPEALS
- F. ☒ DISTRICT COURT
- G. ☐ BANKRUPTCY COURT

**2. DATE FILED:** March 12, 2008

**3. DOCKET NO.:** C 07-2816 MEJ

**4. NAME OF APPLICANT (One per form):** Daohua Chen

**5. GOVERNMENT AGENCY INVOLVED IN CLAIM** (Use agency code on reverse side): DHS, USCIS, DOJ

**6. NATURE OF APPLICATION**
- A. ☒ Original application under 28 USC 2412 (d) (1) (A) after judgment in civil action against U.S.
- B. ☐ Appeal of fees and expenses awarded by Lower Court. (If Item 6B is checked go to Item 7.)
- C. ☐ Original application under 28 USC 2412 (d) (3) after review of agency decision.
- D. ☐ Petition for leave to appeal an administrative agency fee determination under 5 USC 504 (c) (2).

**7. APPEAL FROM:**
☒ DISTRICT COURT    ☐ BANKRUPTCY COURT
☐ OTHER _____

**7A. DATE FILED IN LOWER COURT:** 05/30/2007

**7B. DOCKET NO.:** C 07-2816 MEJ

**8. ADMINISTRATIVE AGENCY DOCKET NO.:** A 96 550 058

**9. DATE FILED IN ADMINISTRATIVE AGENCY:** 06/23/2005

**10. SHOWING OF "PREVAILING PARTY" STATUS (28 U.S.C. § 2412 (d)(1)(B)):**
IS AGENCY ORDER, COURT ORDER, OR OTHER RELEVANT DOCUMENT ATTACHED?    ☒ YES    ☐ NO

**11. SHOWING OF ELIGIBILITY (28 U.S.C.§ 2412 (d)(2)(B)):**
IS NET WORTH INFORMATION ATTACHED?    ☒ YES    ☐ NO

**12. ENTER ALLEGATION THAT GOVERNMENT POSITION WAS NOT SUBSTANTIALLY JUSTIFIED (28 U.S.C. §2412 {d)(1)(B))**

The Agency's delay in adjudicating Plaintiff's application for adjustment of status was unreasonable and not substantially justified. The government's litigation position in defending the action was not substantially justified

**13. FOR EACH AMOUNT CLAIMED, PLEASE ATTACH ITEMIZATION INFORMATION INDICATING SERVICE PROVIDED, DATE, HOURS, AND RATE (28 U.S.C. § 2412 (d)(2)(A)):**

| | AMOUNT CLAIMED |
|---|---|
| A. ATTORNEY FEES | $3,525.54 |
| B. STUDY | |
| C. ANALYSIS | |
| D. ENGINEERING REPORT | |
| E. TEST | |
| F. PROJECT | |
| G. EXPERT WITNESS FEES | |
| H. OTHER FEES AND EXPENSES — SPECIFY | |
| (1) Filing Fees | $350.00 |
| (2) | |
| (3) | |
| I. TOTAL FEES AND EXPENSES | $3,875.54 |

**14. SIGNATURE:** [signature]

**15. DATE:** March 12, 2008

NOTE: THIS FORM SHOULD ACCOMPANY YOUR CLAIM WHEN FILED WITH THE CLERK OF COURT.

## ADMINISTRATIVE AGENCY CODES
(Use the following abbreviations for the U.S. Government Agency involved in claim (Item 5)

| Agency | Code |
|---|---|
| BENEFITS REVIEW BOARD | BRB |
| CIVIL AERONAUTICS BOARD | CAB |
| CIVIL SERVICE COMMISSION (U.S.) | CSC |
| CONSUMER PRODUCTS SAFETY COMMISSION | CPSC |
| COPYRIGHT ROYALTY TRIBUNAL | CRT |
| DEPARTMENT OF AGRICULTURE | AGRI |
| DEPARTMENT OF COMMERCE | COMM |
| DEPARTMENT OF DEFENSE | DOD |
| DEPARTMENT OF EDUCATION | EDUC |
| DEPARTMENT OF ENERGY | DOE |
| DEPARTMENT OF HEALTH, EDUCATION & WELFARE | HEW |
| DEPARTMENT OF HEALTH & HUMAN SERVICES | HHS |
| DEPARTMENT OF HOUSING & URBAN DEVELOPMENT | HUD |
| DEPARTMENT OF INTERIOR | DOI |
| DEPARTMENT OF JUSTICE | DOJ |
| DEPARTMENT OF LABOR (Except OSHA) | LABR |
| DEPARTMENT OF TRANSPORTATION, NATIONAL TRANSPORTATION SAFETY BOARD | TRAN |
| DEPARTMENT OF THE TREASURY (Except IRS) | TR EA |
| DRUG ENFORCEMENT AGENCY | DEA |
| ENVIRONMENTAL PROTECTION AGENCY | EPA |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | EEOC |
| FEDERAL AVIATION AGENCY | FAA |
| FEDERAL COAL MINE SAFETY BOARD | FCMS |
| FEDERAL COMMUNICATIONS COMMISSION | FCC |
| FEDERAL DEPOSIT INSURANCE CORPORATION | FDIC |
| FEDERAL ELECTION COMMISSION | FEC |
| FEDERAL ENERGY AGENCY | FEA |
| FEDERAL ENERGY REGULATORY COMMISSION | FERC |
| FEDERAL HOME LOAN BANK BOARD | FH LB |
| FEDERAL LABOR RELATIONS AUTHORITY | FLRA |
| FEDERAL MARITIME BOARD | FM BD |
| FEDERAL MARITIME COMMISSION | FMC |
| FEDERAL MINE SAFETY & HEALTH ADMINISTRATION | MSHA |
| FEDERAL MINE SAFETY & HEALTH REVIEW COMMISSION | MSH R |
| FEDERAL RESERVE SYSTEM | FRS |
| FEDERAL TRADE COMMISSION | FTC |
| FOOD & DRUG ADMINISTRATION | FDA |
| GENERAL SERVICES ADMINISTRATION | GSA |
| IMMIGRATION & NATURALIZATION SERVICE | INS |
| INTERNAL REVENUE SERVICE (Except TAX COURT) | IRS |
| INTERSTATE COMMERCE COMMISSION | ICC |
| MERIT SYSTEMS PROTECTION BOARD | MSPB |
| NATIONAL LABOR RELATIONS BOARD | NLRB |
| NUCLEAR REGULATORY COMMISSION | NRC |
| OCCUPATIONAL SAFETY & HEALTH ADMINISTRATION | OSHA |
| OCCUPATIONAL SAFETY & HEALTH REVIEW COMMISSION | OSHC |
| OFFICE OF MANAGEMENT & BUDGET | OMB |
| OFFICE OF PERSONNEL MANAGEMENT | OPM |
| OFFICE OF WORKERS COMPENSATION PROGRAM | OWCP |
| PATENT OFFICE | PAT O |
| POSTAL RATE COMMISSION (U.S.) | PRC |
| POSTAL SERVICE (U.S.) | USPS |
| RR RETIREMENT BOARD | RRRB |
| SECURITIES & EXCHANGE COMMISSION | SEC |
| SMALL BUSINESS ADMINISTRATION | SBA |
| TAX COURT, INTERNAL REVENUE SERVICE | TXC |